IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PANNA ESTRADA | : | CIVIL ACTION |
| v. | : | |
| JANET NAPOLITANO, ET AL. | : | NO. 11-940 |

**MEMORANDUM**

**Padova, J.**                                                                                                 **April 29, 2011**

Plaintiff Panna Estrada brought this action against Janet Napolitano, Secretary of the United States Department of Homeland Security; Robert Mueller III, Director of the Federal Bureau of Investigation; Alejandro Mayorkas, Director of United States Citizenship and Immigration Services ("USCIS"); and "Unknown Federal Government Agency or Agencies" (collectively, the "Government") alleging that USCIS failed to timely process her application for naturalization and requesting that we adjudicate her naturalization application pursuant to 8 U.S.C. § 1447(b) or, in the alternative, that we compel USCIS to adjudicate her application and to "schedule her for the next available oath ceremony." (Compl. ¶ 12.) On March 28, 2011, while this matter was pending before this Court, USCIS entered an initial decision denying Estrada's application. (Corrected Mot. to Remand (Docket No. 6) Ex. 1.) Currently before the Court are the Government's Motion to Remand, which requests that we remand the case to USCIS with instructions to adjudicate Plaintiff's naturalization application, and Plaintiff's Motion for Leave to File Amended Complaint, which is contained within her Response to the Government's Motion to Remand, and which seeks leave to file an amended complaint challenging the initial denial on the merits. For the reasons that follow, we grant the Motion to Remand and deny the Motion for leave to file an amended complaint.

Section 1447(b) of Title 8 of the United States Code provides as follows:

> If there is a failure to make a determination [on a naturalization application] before the end of the 120-day period after the date on which the examination is conducted . . . , the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.

The 120-day period begins to run when the applicant participates in a naturalization interview. See Mocany v. Mueller, Civ. A. Nos. 07-445, 07-971, 07-2718, 07-2859, 07-3223, 08-195, 2008 WL 372459, at *3 n.1 (E.D. Pa. Feb. 8, 2008) ("[T]his Court follows other holdings that the term 'examination' in 8 U.S.C. 1447(b) . . . refers to the interview." (citing Al Daraji v. Monica, Civ. A. No. 07-1749, 2007 WL 2994508, at *3 (E.D. Pa. Oct. 12, 2007))). Plaintiff participated in a naturalization interview on February 10, 2009. (Compl. ¶ 17.) On February 7, 2011, more than 120 days after her interview,[1] Plaintiff filed her Complaint. Accordingly, we conclude that Plaintiff properly invoked section 1447(b).

While this matter was pending, however, USCIS entered an initial decision denying Plaintiff's application. The effect of that initial denial on these proceedings depends on the nature of our jurisdiction under section 1447(b). As this Court has recognized, "[c]ourts are split as to what type of 'jurisdiction over the matter' section 1447(b) confers upon the district court, and neither the Third Circuit nor the Supreme Court has addressed the issue." Khun v. Napolitano, Civ. A. No. 09-5202, 2010 WL 2218911, at *2 (E.D. Pa. May 27, 2010). One view, held by the United States Courts of Appeals for the Second, Fourth, and Ninth Circuits, is "that section 1447(b) confers

---

[1] According to the Government, Plaintiff participated in a second interview on June 16, 2009. (Corrected Mot. to Remand at 4.) We note that Plaintiff filed her Complaint in this action more than 120 days after the June 16, 2009 interview.

2

exclusive jurisdiction on the district court, meaning that after a section 1447(b) petition has been filed any action [USCIS] takes on the underlying application for naturalization is void." Id. (citing Bustamente v. Napolitano, 582 F.3d 403 (2d Cir. 2009), Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007), and United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004)). One judge in this District has adopted this view. See Costello v. Chertoff, Civ. A. No. 06-4281, Order, Docket No. 16 (E.D. Pa. Nov. 28, 2007) (Davis, J.). The other view, held by a number of district courts, is "that the district court and [USCIS] exercise concurrent jurisdiction over a section 1447(a) petition, meaning that [USCIS's] adjudication of the underlying petition moots the district court proceeding." Khun, 2010 WL 2218911, at *3 (citing Hassan v. Holder, 638 F. Supp. 2d 329 (E.D.N.Y. 2009), Bello-Camp v. Attorney Gen., No. 08-0885, 2009 WL 813146 (M.D. Fla. Mar. 26, 2009), Rangoonwala v. Swacina, No. 08-21588, 2008 WL 5070299 (S.D. Fla. Nov. 25, 2008), Xie v. Mukasey, 575 F. Supp. 2d 963 (E.D. Wisc. 2008), Kim v. Gonzales, No. 07-1817, 2008 WL 1957739 (D. Colo. May 5, 2008), and Perry v. Gonzales, 472 F. Supp. 2d 623 (D.N.J. 2007)).

As this Court has done before, we decline to "add[] to the split in the case law by weighing in on this thorny issue." Khun, 2010 WL 2218911, at *3. Rather, regardless of what type of jurisdiction section 1447(b) confers, remand of this matter to USCIS is appropriate. See id. (footnote omitted). In Khun, Judge Baylson aptly explained the prudential propriety of this approach:

> If section 1447(b) confers concurrent jurisdiction on district courts, the Court would dismiss Khun's petition as moot or not meriting review at this time, given that the Court does not have a full administrative record to review, and Khun could pursue his administrative remedies prior to seeking de novo review in this Court of the denial of his nauturalization application. On the other hand, if section 1447(b) confers exclusive jurisdiction on district courts, meaning that the [USCIS's] denial of [the plaintiff's] naturalization application is void, this Court would still remand this matter to [USCIS] for entry of its denial decision and the beginning of

3

> administrative appeal proceedings, given [USCIS's] administrative expertise. Thus, under either concurrent or exclusive jurisdiction, this Court finds no grounds at this time to disturb [USCIS's] initial adjudication.

Id. Remand to USCIS is consistent with the general principle that "[w]here possible, remand is the preferred outcome in immigration cases." Asfour v. Napolitano, 732 F. Supp. 2d 512, 513 (E.D. Pa. 2010) (citing INS v. Ventura, 537 U.S. 12, 16-17 (2002)). "This is primarily because 'USCIS is the proper adjudicator given its expertise in naturalization matters.'" Id. (quoting Al Daraji v. Monica, Civ. A. No. 07-1749, 2008 WL 183643, at *3 (E.D. Pa. Jan. 18, 2008)). Therefore, we grant the Government's Motion to Remand this case to USCIS.

We also deny Plaintiff's Motion for leave to file an amended complaint. Plaintiff's proposed amended complaint alleges that the initial denial of her naturalization petition violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq., the Mandamus Act, 28 U.S.C. § 1361, and the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V. In order to assert any of these claims, Plaintiff must exhaust her administrative remedies. See Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005); Harmon Cove Condo. Assoc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987); West Penn Power Co. v. Train, 522 F.2d 302, 313 (3d Cir. 1975). Administrative remedies are available here. When USCIS enters an initial denial of a naturalization application, "the applicant may request a hearing before an immigration officer." 8 U.S.C. § 1447(a). Federal regulations provide that "[u]pon receipt of a timely request for a hearing, [USCIS] shall schedule a review hearing before an immigration officer." 8 C.F.R. § 336.2(b). Plaintiff did not request such a hearing. Therefore, we conclude that Plaintiff failed to exhaust her administrative remedies and,

consequently, we decline to grant Plaintiff leave to amend.² See Distajo v. PNC Bank, N.A., Civ. A. No. 09-2712, 2009 WL 3467773, at *5 (E.D. Pa. Oct. 27, 2009) ("[I]t is clear that Plaintiff could not state a cognizable ADA claim because he has failed to exhaust his administrative remedies with respect to that claim. We therefore decline to grant Plaintiff leave to amend."). The Government represents that "USCIS is prepared to re-enter its denial decision upon remand and begin the administrative appeal process." (Corrected Mot. to Remand at 6; see also Gov't Reply to Pl. Resp. to Corrected Mot. to Remand at 3.) When USCIS re-enters it initial denial, Plainitiff will have thirty days to commence the administrative appeal process by requesting a hearing before an immigration officer. See 8 C.F.R. § 336.2(a). Accordingly, we deny the Motion without prejudice to Plaintiff re-asserting the claims asserted in her proposed amended complaint upon the completion of the administrative proceedings.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

²Plaintiff argues that we should excuse her failure to exhaust administrative remedies because, she contends, further administrative proceedings would be futile, her due process claims raise substantial constitutional questions, and USCIS has demonstrated that it is biased against her. (See Pl. Reply in Support of Mot. for Leave to File Am. Compl. (Docket No. 8) at 5-8 (citations omitted).) However, while the Court has some discretion to excuse a plaintiff's failure to comply with "judicially-crafted exhaustion doctrines, statutory exhaustion requirements deprive us of jurisdiction over a given case." Lin v. Attorney Gen., 543 F.3d 114, 120 (3d Cir. 2008) (citing Metro. Life Ins. Co. v. Price, 501 F.3d 271, 278-79 (3d Cir. 2007), and Xie v. Aschcroft, 359 F.3d 239, 245 n.8 (3d Cir. 2004)). Section 1421 of Title 8 of the United States Code requires that any plaintiff seeking to challenge in federal court the denial of a naturalization application on the merits must first exhaust administrative remedies. See 8 U.S.C. §§ 1421(a), (c), (d). We conclude that we would lack jurisdiction over the claims asserted in her proposed amended complaint. Accordingly, we do not excuse Plaintiff's failure to exhaust administrative remedies.